**UNITED STATES of America,
Appellee,**

v.

**Harriott H. CHILDS, Appellant.**

**No. 71–1629.**

United States Court of Appeals,
Fourth Circuit.

Argued May 11, 1972.

Decided July 13, 1972.

Robert T. Hall, Fairfax, Va., for appellant.

James J. Tansey, Atty., Department of Justice (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before CRAVEN and RUSSELL, Circuit Judges, and BLATT, District Judge.

DONALD RUSSELL, Circuit Judge.

The defendant was convicted under the Assimilative Crime Act [1] of knowing possession of marihuana with intent to distribute, in violation of Section 54–524.101(a) of the Code of Virginia (1950), as amended. The marihuana,

---

1. 18 U.S.C. § 13.

carefully packed in a trunk in the form of bricks weighing about a half pound each, was shipped by airline from Los Angeles, California, to Washington National Airport in Arlington County, Virginia. After receipt of the trunk for shipment, the Air Freight supervisor in Los Angeles for some reason, not explained in the record on appeal, became suspicious and had the trunk opened. Inside, under a layer of mothballs, were discovered sixteen (16) marihuana bricks. The federal narcotic officers were advised of the discovery and, apparently with the approval of such officers, the shipment was forwarded to its destination to the Washington National Airport. The trunk was addressed to "Pamela Feldman". When the shipment arrived at the Washington National Airport, the defendant presented the airline with the claim bill for the trunk, and, after signing "Pamela Feldman" to the receipt therefor, was given possession of the trunk. When the trunk was placed in defendant's car, the officers, alerted by the information received from Los Angeles, arrested her and prosecution followed. Convicted, the defendant has appealed contending that the District Court erred (1) in not finding the statute under which she was convicted unconstitutional, (2) in not granting her motion for an acquittal on the grounds of insufficiency of evidence, and finally (3) in the instructions given the jury on the proof necessary to establish the element of intent to distribute.

■ It is not necessary to tarry long on the defendant's claim of invalidity of the statute under which she was indicted and convicted. She does not and could not assail for vagueness the substantive provision of Virginia statute which made it an offense to possess marihuana with intent to distribute. After establishing and defining the offense itself, the statute concluded with the following subsidiary provision on sufficiency of evidence:

"A conviction for a violation of this § 54–524.101(a) may be based solely upon evidence as to the quantity of any controlled drug or drugs unlawfully possessed."

It is this subsidiary provision on sufficiency of evidence against which the defendant directs her claim of unconstitutionality. The mere fact, however, that this subsidiary provision may be invalid for vagueness, as defendant contends (a conclusion on which we venture no opinion), would not render the earlier substantive section creating the crime itself unconstitutional.[2] The relevance of the subsidiary provision would attach merely to the issue whether the evidence adduced by the prosecution was sufficient to permit submission to the jury and to the correctness of the Court's jury instructions on what proof was required to support a finding of intent to distribute. We shall accordingly address ourselves to those issues.

■ The contention that her motion for acquittal should have been granted because of insufficiency of proof of intent to distribute is palpably without merit. Intent is not susceptible of direct proof;[3] it must be proved by circumstances. The circumstances establishing such intent in a narcotic prosecution may properly consist of the quantity of the product involved, the nature of its packaging, and other relevant facts. The circumstances in this case, including the quantity, method of packaging, false name of addressee, and other facts, were more than sufficient to justify the submission of the issue of intent to distribute to the jury. People do not normally order a thirty-pound trunk load of marihuana for personal use, especially when packaged as this shipment was.

■ The final contention of the defendant relates to the Court's charge on

---

2. United States v. Jackson (1968) 390 U.S. 570, 572–591, 88 S.Ct. 1209, 20 L.Ed.2d 138.

3. 21 Am.Jur.2d p. 164, § 82.

the element of intent to distribute. While in the introduction of his charge, the District Judge read the statute under which the defendant was indicted, including the subsidiary provision on the sufficiency of proof, this was merely preparatory to his specific charge and he did not, in the substantive part of his instructions setting forth the specific elements of the crime and the proof required to establish these separate elements, instruct the jury that intent to distribute might be presumed *"solely"* from the quantity of the marihuana possessed. As he stated in denying a motion for a new trial, he went quite "a step further" and instructed the jury that intent to distribute might be inferred "from the possession of a large quantity of marihuana, *among others and all other facts and circumstances in this case* that you may, *as I am telling you, you are not required to infer from all this relevant evidence that she intended to distribute it"*. (Italics added.) He concluded this phase of his instructions with the statement that "the intention to sell (distribute) can be inferred from the amount in question and from all the other relevant circumstances in this case." As is thus seen, the Court did not rest his instruction on the sufficiency of proof of intent to distribute on the statutory standard, i. e., "solely upon evidence of the quantity": In essence his instruction employed the standard of proof of intent normally to be applied in the absence of any statutorily authorized inference. In so instructing the jury, the Court was actually following the implicit ruling in Turner v. United States (1969) 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, the authority on which defendant relies. In concurring with the conviction on a count charging distribution in that case, Justice Marshall stated that "evidence of *possession of 275 glassine bags of heroin* proved beyond a reasonable doubt that Turner was distributing heroin in violation of 26 U.S.C. § 4704(a)." 396 U.S. at p. 424, 90 S.Ct. at p. 656. Since the Court's questioned instruction on intent was not restricted to the statutory provision, the constitutionality of which the defendant assails but, on the contrary, conformed to what the legal rule of sufficiency of proof was, apart from any statutorily provided inferences, it is unnecessary to consider or pass on the constitutionality of the statutory standard of sufficiency of proof.

Affirmed.