UNITED STATES of America, Appellee,

v.

**Warwick Mason WYATT, Appellant.**

No. 76–2313.

United States Court of Appeals,
Fourth Circuit.

Argued May 3, 1977.
Decided Aug. 24, 1977.

John C. Lowe, Charlottesville, Va. (Lowe & Gordon, Ltd., Charlottesville, Va., on brief) for appellant.

Roger T. Williams, Executive Asst. U. S. Atty., Norfolk, Va. (William B. Cummings, U. S. Atty., Norfolk, Va., on brief), for appellee.

Before MOORE, Senior Circuit Judge,* RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

This is an appeal by Warwick Mason Wyatt following his conviction for aiding and abetting the distribution of cocaine and the use of a communications facility in the distribution of cocaine.[1] 21 U.S.C. §§ 841(a)(1) and 843(b), and 18 U.S.C. § 2. We affirm.

---

\* United States Court of Appeals for the Second Circuit, sitting by designation.

1. Wyatt was acquitted of a third count of the indictment, conspiracy to distribute cocaine.

The case against Wyatt is based on the undercover work of Drug Enforcement Administration Agent Faddis. In late 1975, Faddis arranged with one John Dulinsky, an admitted drug dealer, that Faddis was to receive five ounces of cocaine in exchange for five pounds of hashish. Dulinsky then communicated with Wyatt in order to arrange for obtaining the cocaine for the trade. Dulinsky telephoned Wyatt to meet him and they met in Richmond and drove from there toward Fredericksburg, where Wyatt delivered five ounces of cocaine to Dulinsky. Dulinsky paid $2,000 to Wyatt and promised to give Wyatt three pounds of hashish. When Dulinsky delivered the cocaine to Faddis, Dulinsky was arrested. At trial, Dulinsky named Wyatt as the source of the cocaine.

Wyatt was arrested at his home. After he was given *Miranda* warnings, something was said to the arresting officers concerning his desire to see an attorney. The trial court found as a fact, however, that he did not express a desire to consult an attorney before answering any questions, the discussion rather being in the context of having an attorney to arrange a bond. Before Wyatt was taken to the police station, the officers asked him if he had any identification. He told them that his identification was in his car and asked permission to get that, as well as his address book and business records. After he retrieved the documents from the automobile, the officers seized them, and upon inspection of the address book discovered an entry which had the telephone number of John Dulinsky beside the name "John."

During the trip to the police station, the officers quizzed Wyatt concerning his relationship with Dulinsky. Wyatt denied knowing Dulinsky.

 Wyatt claims that the use of statements made by him to police during the trip to the police station violated the rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although he admits he was told and knew the *Miranda* warnings, he contends that he did not waive his right to remain silent, and the

government did not show clearly and convincingly from the totality of the evidence that a waiver was made *sub silentio.*

If Wyatt had stated that he did not desire to answer questions until he had consulted a lawyer, the results of the subsequent interrogation might in some circumstances be inadmissible. Compare *United States v. Clark,* 499 F.2d 802 (4th Cir. 1974), with *United States v. Grant,* 549 F.2d 942 (4th Cir.), cert. den. ── U.S. ──, 97 S.Ct. 2955, 53 L.Ed.2d 1081 (1977). Additionally, had he announced that he wished to remain silent, the officers might not have continued the interrogation. See *Miranda v. Arizona,* 384 U.S. 436, 473–474, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Riggs,* 537 F.2d 1219, at p. 1222 (4th Cir. 1976). But neither of those conditions obtained in this case. Wyatt does not even contend he told the officers not to question him, and the district court made a finding of fact that while Wyatt did mention that he wanted an attorney, it was for the purpose of obtaining bail and not with reference to questioning. The court found that Wyatt did not communicate to the officers any desire to have an attorney present before he made a statement. We have reviewed the evidence and cannot say that this finding is clearly erroneous. *United States v. Riggs,* 537 F.2d 1219 (4th Cir. 1976).

Moreover, the evidence indicates that Wyatt waived his right to remain silent. While there is a presumption against waiver, and the government bears the burden of showing the relinquishment of the constitutional right, *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), that burden was carried in this case.

Wyatt admits that he understood that he had a right to remain silent. He also admits that he answered the officer's questions voluntarily. The rule in this circuit is that an express waiver is not necessary in order to waive the right to remain silent. *United States v. Hayes,* 385 F.2d 375 (4th Cir. 1967), cert. den. 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968). Rather, we may look to all the circumstances of the

situation, including, for example, the defendant's intelligence, the affirmative statement that the accused understands his rights, and the voluntariness of the confession. See *United States v. Thompson,* 417 F.2d 196 (4th Cir. 1969).

Here, there is every indication that Wyatt knowingly and intelligently waived his Fifth Amendment rights. Knowing that he did not have to respond, Wyatt was not coerced or threatened in any way and voluntarily answered the officer's questions.[2] Nor were the statements obtained after any demand by Wyatt to talk to an attorney prior to further questioning. We think the admission of his statements into evidence did not violate Wyatt's Fifth Amendment rights.[3]

▮ Wyatt also contends that the notebook which contains Dulinsky's telephone number was illegally seized from him and that the district court erred in allowing its introduction into evidence. He claims that the seizure was not incident to a lawful arrest because he had been in police custody for five minutes before the book was seized.

The fruits of a warrantless search of the person incidental to an arrest may be used in evidence. See *Chimel v. California,* 395 U.S. 752, 756, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, the search must not be remote in time with relation to the arrest. *Creasy v. Leake,* 422 F.2d 69 (4th Cir. 1970) Wyatt had been under arrest for only five minutes when he asked permission to get the papers from the car. Certainly, the seizure of the papers and the notebook were contemporaneous with the arrest and, as such, were constitutionally sound.

We should point out that Wyatt retrieved the notebook at his own initiative. The arresting officers did not suggest that he get his papers; nor was there subterfuge on the part of the arresting officers.

We are thus of opinion that the notebook was lawfully seized, and having seized the notebook incident to an arrest, the officers were entitled to read the contents. *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The evidence found in the notebook was properly admitted.

▮ Wyatt also contends that the evidence does not support the conviction for aiding and abetting. We disagree. The evidence shows that Wyatt had supplied Dulinsky with cocaine on several occasions, and in amount on this occasion so large that it is permissible to infer that Wyatt knew that Dulinsky did not purchase the drugs for personal consumption.[4] We think the record supports the district court's judgment that Wyatt aided and abetted Dulinsky in the distribution of cocaine.[5]

We have reviewed the record and find that the remaining assignments of error are without merit.

*AFFIRMED.*

---

2. Wyatt testified that the statements were made voluntarily because he did not believe the questions to be important.

3. Reversal is not required by the recent Supreme Court decision of *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). *Brewer* turns on the fact that the accused had been arraigned, was represented by counsel, and had obtained an agreement that the police would not interrogate him during the long automobile trip from the place of arrest and arraignment to the place of trial. The arraignment was on the outstanding arrest warrant.

4. Wyatt complains that it was error to allow the admission of the evidence of the prior transactions because that amounted to the introduction of evidence of prior illegal acts. However, the prior transactions might tend to prove that Wyatt knew that Dulinsky was distributing cocaine.

5. Wyatt's contention that his acquittal on the conspiracy charge requires acquittal on the aiding and abetting charge mistakes the differing requisites of proof and is without merit. *United States v. Wiebold,* 507 F.2d 932 (8th Cir. 1974).