UNITED STATES of America, Appellee,

v.

Julius M. LEVY, a/k/a "Yussel",
Appellant.

No. 82–5234.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 14, 1983.

Decided March 23, 1983.

Rehearing Denied May 2, 1983.

K.K. Hall, Circuit Judge, filed dissenting opinion.

Gary S. Bernstein, Baltimore, Md. (Rochlin & Settleman, P.A., Baltimore, Md., on brief), for appellant.

Lawrence L. Hooper, Jr., Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before HALL, MURNAGHAN and SPROUSE, Circuit Judges.

MURNAGHAN, Circuit Judge:

Julius M. Levy appeals from a judgment of conviction under 21 U.S.C. § 841(a)(1) which makes it a crime to possess cocaine with an intent to distribute, a felony. The district judge imposed a sentence of four years, with a special parole term of five years. Of the four grounds asserted for reversal, the one which we regard as dispositive is the refusal of the district judge to instruct the jury that a possible verdict would have been one of guilty of the lesser included offense of simple possession, a misdemeanor. The maximum term of imprisonment for one convicted of that crime may not exceed one year. 21 U.S.C. § 844(a).

In considering the request of the defendant for such an instruction the district

judge asked for a recommendation from the Government. After researching the issue, the prosecutor urged that the lesser included offense instruction be given.[1] The district judge, however, after reflecting on the matter, declined to give the instruction, thereby precipitating the very situation which the Government tried to avoid. However one views the recommendation of the Government at the trial below, it must be said that it highlighted the closeness of the issue.

The evidence produced disclosed a meeting in Levy's motor vehicle which took place between the defendant and a convicted trafficker in drugs, Richard Bergenstein. When Bergenstein entered defendant's vehicle, the defendant exited the car long enough to remove a laundry hamper from the interior of the car and lock it in the trunk. At a stage at or near the conclusion of whatever the participants had planned for the particular encounter, arrests were made. However, no drugs were found on Bergenstein. The sum of $1150 was found on Levy. Levy's pants pocket held a small container in which were located .8 grams of 100% pure cocaine. The laundry hamper was discovered to have among its contents two plastic bags of cocaine in a form too pure to be suitable for customary street distribution. The quantity of cocaine in the two plastic bags amounted to approximately 4.75 ounces of 95% pure cocaine, having a value of approximately $14,000 to $16,000 "as is" (and possessed of a potential for producing merchandise worth as much as $35,000 if cut to the customary level of purity suitable for peddling on the street).

■ We are satisfied that the evidence sufficed to sustain a conviction of the crime of possession with intent to distribute.[2] One reasonable inference is that Bergenstein paid first, transferring to Levy the $1150 found in his possession. It could be inferred that a reciprocal transfer of the cocaine from Levy to Bergenstein was planned, but had not yet been consummated. The drug enforcement officers might have simply been too precipitate in moving in.

However, without indulging in the jury's function [3] of weighing the probabilities, we find it necessary to conclude that there was a substantial basis for an inference that the defendant might have possessed the cocaine only for his own consumption and not preliminary to sale or other distribution. At his place of abode, among paraphernalia suited to chemical conversion, were also located four pipes customarily employed for purposes of consuming the cocaine. The value and number of potential doses (1300) of the 4.75 ounces of cocaine, while substantial, reflect the costly nature of the habit, but do not necessarily so exceed the quantity one might stockpile for personal use over a relatively long period of time as to eliminate all reasonable possibility that the jury might draw such an inference.

■ While the defendant was unemployed and presumably without access to legitimate sources for the necessary funds to acquire 4.75 ounces of nearly pure cocaine, we also note that a frequent consequence of addiction is the recourse to property crimes in order to finance the "trips". That is not a commendable inference to draw insofar as Levy, the defendant, was concerned. However, the possibility is not a remote one. The charge in this particular case is for possession of cocaine with intent

---

1. The explanation on appeal was not that the instruction was necessarily required, but that the Government felt confident enough about its case that it preferred to remove the possibility of an appeal based on a refusal to give the requested instruction.

2. That conclusion, of course, relates to the trial which has taken place. We have concluded that, for other reasons, a reversal and remand for a new trial are necessary. It does not necessarily follow that, as the evidence is presented anew, it will be the same. Hence, if it is different, a different conclusion on the sufficiency question might be possible.

3. *See United States v. Brischetto,* 538 F.2d 208, 210 (8th Cir.1976):

   The Government also relied upon the permissible inference of intent to distribute that can arise from the possession of a large quantity of a controlled substance. Such an inference may be made by the jury, but the jury is not compelled to make the inference.

to distribute, not for burglary or other crime against property. "A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965). Here, it appears that the question of whether the defendant had the purpose to distribute was capable of two answers, and, consequently, the lesser included offense instruction was appropriate.[4]

The Government strenuously asserts the rationale of *United States v. Seni,* 662 F.2d 277 (4th Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 664 (1982). That case, however, involved possession of 15 tons of marijuana. First one must consider the very different situation from a storage point of view (the two containers of 4.75 ounces of cocaine could fit in the pocket of one's coat; 30,000 pounds of marijuana, on the other hand, would require a very large storage space).[5] Similarly, in *Seni* the dollar amounts involved for the 15 tons of marijuana were very great, over ten times larger than the approximately $14,000 needed, in the case *sub judice,* to purchase the cocaine.[6]

Furthermore, in *Seni,* the possession was established in the course of offloading from an ocean-going vessel, and, consequently, at a point very much closer to the source of supply, and so more removed from the consumer, than was the case of the defendant Levy. Accordingly, while *Seni* properly deemed simple possession too farfetched a possibility to merit a lesser included offense instruction, the same cannot be said in the instant case.[7] Therefore, we reverse and remand for a new trial on those grounds.[8]

---

4. The possession of the quantity of marijuana here involved is sufficient to permit an inference by the jury of an intent to distribute. However, the jury, on the basis of the evidence before us, was free to determine whether or not to draw the inference. We hold that a dispute in the evidence exists with respect to the issue of defendant's intent to distribute. Such dispute requires resolution by the jury. A rational basis exists for the jury to convict the defendant on the possession charge and acquit him on the intent to distribute charge. The court erred in denying defendant's requested instruction. *United States v. Brischetto, supra,* 538 F.2d at 210. *Cf. Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973): [I]t is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.

5. A quantity of 427 pounds of marijuana, described as a "vast amount" was determined to suffice to justify the district judge's refusal to give an instruction on simple possession. *United States v. Rogers,* 504 F.2d 1079, 1084 (5th Cir.1974), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 693 (1975).

6. In *Rogers, supra,* 427 pounds of marijuana were valued at $30,000 to $60,000 on the street. It is to be expected that the 15 tons in *Seni* were worth, on the street, hundreds of thousands of dollars.

7. The Government has advanced cases which would support a holding that the quantity of cocaine possessed by Levy (4.75 ounces) was sufficient to allow a jury to find possession with intent to distribute. *E.g. United States v. Wyatt,* 561 F.2d 1388 (4th Cir.1977) (5 ounces of cocaine); *United States v. Mather,* 465 F.2d 1035 (5th Cir.1972), *cert. denied,* 409 U.S. 1085, 93 S.Ct. 685, 34 L.Ed.2d 672 (1972) (197.75 grams, or 7.1 ounces of cocaine); *United States v. Echols,* 477 F.2d 37 (8th Cir.1973), *cert. denied,* 414 U.S. 825, 94 S.Ct. 128, 38 L.Ed.2d 58 (1973) (199.73 grams of cocaine worth $200,-000). Similarly, the Government points to cases in which similar values of controlled substances possessed were held sufficient to permit an inference of intent to distribute. *E.g. United States v. Villarreal,* 565 F.2d 932, 937 (5th Cir.1978), *cert. denied,* 439 U.S. 824, 99 S.Ct. 92, 58 L.Ed.2d 116 (1978) (75.5 grams of 49% heroin worth $25,200).

Those cases are not dispositive of the issue before us. Conceding the sufficiency of evidence of 4.75 ounces of 95% pure cocaine to sustain a jury finding that Levy had an intention to distribute, we still have to decide the very different question of whether the quantity was so large as to rule out the possibility of a finding of simple possession, so huge as to require that the case proceed on the theory that the quantity conclusively has demonstrated an intent to distribute.

Our case is very like one of those relied on by the Government to establish the proposition that the 4.75 ounces of 95% pure cocaine sufficed to raise an inference of intent to distribute. *United States v. Blake,* 484 F.2d 50 (8th Cir.1973), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 699 (1974). There the court first ruled: "In this case, Blake possessed the equivalent of 420 'dime bags' of heroin with a

■ As to the other grounds raised, we find it unnecessary to devote substantial space to any of them. In the case of one of them, the Government acknowledged that there had been an error committed when the Assistant United States Attorney prosecuting the case included in his opening statement to the jury factual assertions harmful to the defendant subsequently not supported by any testimony. We do not regard it as appropriate to determine whether the allusion to non-forthcoming evidence was "harmless error", for obviously the Government knows better than at a new trial to repeat the error, harmless or not.[9]

The claim of lack of probable cause to arrest the defendant and to support the search warrant for the trunk of Levy's vehicle does not, considered in the present posture of the case, appear itself to have much likelihood of success. However, it should be better addressed, should it arise again, in the actual circumstances of an upcoming trial and not on a preliminary basis.

'street' value of $4,200. Such an amount and value was [sic] sufficient to support an inference by the jury that the defendant possessed the heroin with an intention to distribute it." *Id.* at 58. It then was careful to go on to say: "In addition to the above explained reasons why the evidence was sufficient to support the jury's verdict, the District Court properly instructed the jury on the lesser included offense of simple possession of a controlled substance, in this case heroin." *Id.; see also United States v. Polite,* 489 F.2d 679, 681 (5th Cir. 1974), *cert. denied,* 419 U.S. 854, 95 S.Ct. 99, 42 L.Ed.2d 87 (1974) ("permits, but does not require the jury to draw the inference and find that the heroin was possessed with intent to distribute . . ."); *United States v. Childs,* 463 F.2d 390, 392 (4th Cir.1972), *cert. denied,* 409 U.S. 966, 93 S.Ct. 271, 34 L.Ed.2d 232 (1972) ("you are not required to infer from all this relevant evidence that she intended to distribute it."); *United States v. Burns,* 624 F.2d 95, 104 (10th Cir.1980), *cert. denied,* 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980) ("We have herein held that the evidence was sufficient to support the jury's inference that these appellants possessed cocaine with an intent to distribute, but the jury was free also not to draw such inference. Burns and Andrade were entitled to jury consideration of the offense of simple possession (21 U.S.C. § 844).").

Other unpersuasive authority cited by the Government would leave the question here presented to the discretion of the district judge. *E.g., United States v. Chapman,* 615 F.2d 1294, 1298 (10th Cir.1980), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2947, 64 L.Ed.2d 827 (1980); *United States v. Busic,* 592 F.2d 13, 25 (2d Cir.1978). Having uttered the magic incantation as to trial court discretion, the *Chapman* court, nevertheless, carefully proceeded to approve the trial court's action because independent review established that "there was no rational basis upon which Chapman could have been convicted of manslaughter." *Chapman, supra,* 615 F.2d at 1300. In *Busic,* where the crimes involved were not specific intent crimes, the discretion of the trial judge was described as going to "whether there is enough evidence to justify a lesser-offense charge," *Busic, supra,* at 25, a rather different question from whether, as a matter of law, 4.75 ounces of cocaine were so vast a quantity as to rule out a possible inference of simple possession.

We prefer to reach our decision on the basis of an error of law on that point. If the question were one as to which the district judge had discretion, we should be inclined, with regret, to conclude that the discretion had been abused. The question, mere possession or possession with intent to distribute, was a factual one, under the evidence adduced in the case, not a question for resolution by the trial judge.

8. We, of course, are not called upon to locate the dividing line exactly. It is enough to conclude that 4.75 ounces of cocaine worth $14,000 to $16,000, or even $35,000, are not across the line and into the area where proof of possession *ipso facto* establishes beyond cavil or question an intent to distribute.

9. The error, even if it should be "harmless" in the larger sense of being insufficient to merit reversal of a conviction, does have one consequence. It renders inappropriate our permitting the Government, on remand, in lieu of trying the case all over again, to opt for entry of a judgment of conviction on the lesser included offense. *Cf. United States v. Burns,* 624 F.2d 95, 105 (10th Cir.1980), *cert. denied,* 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980); *United States v. Whitaker,* 447 F.2d 314, 322 (D.C.Cir.1971).

That point is perhaps academic, for the Government has evidenced no willingness to follow such a course. We mention it only to avoid possible confusion should the question come up. Levy should have the right, if he elects to exercise it, to be fully retried.

For the foregoing reasons, the judgment is reversed and the case remanded for a new trial.

REVERSED AND REMANDED.

K.K. HALL, Circuit Judge, dissenting:

I cannot agree with the majority's conclusion that the trial judge erred in refusing to instruct the jury on the lesser-included offense of simple possession of cocaine, and I, therefore, dissent.

The decision whether there is enough evidence to justify a lesser-included offense instruction rests within the sound discretion of the trial judge. *United States v. Chapman,* 615 F.2d 1294, 1298 (10th Cir.), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2947, 64 L.Ed.2d 827 (1980); *United States v. Busic,* 592 F.2d 13, 26 (2d Cir.1978). In my view, the trial judge exercised sound discretion.

When Levy possessed the cocaine, he had been suspended from his job without pay. His annual salary had been $20,473. The quantity of cocaine included 0.8 grams of 100% pure cocaine base found on Levy's person and 4.75 ounces of 95% pure cocaine hydrochloride found in his car. The evidence revealed that 5 ounces of 95% pure cocaine hydrochloride "uncut" had a value almost equal to Levy's previous annual salary and, if reduced to cocaine base, had a potential yield of 1300 doses. It is inconceivable to me that anyone in Levy's financial circumstance would have such a large quantity of cocaine for personal use alone. It is also common knowledge that "the purer the drug the more likely it is that it will be 'cut' or diluted and resold before being consumed." *United States v. Burns,* 624 F.2d 95, 102 n. 1 (10th Cir.1980). In addition, the potential street value of the cocaine was $35,000 and more or less equal to the value of the 427 pounds of marijuana in *United States v. Rogers,* 504 F.2d 1079 (5th Cir.1974), where the Fifth Circuit held that the lesser-included offense instruction was not required.

The evidence produced here gives rise to a strong inference that Levy intended to distribute at least some of the cocaine. The four pipes and other paraphernalia recovered from Levy's apartment are hardly sufficient to counter the inference of intent to distribute. In the absence of any significant evidence to counter this inference, an instruction on the lesser-included offense of simple possession is not warranted. *United States v. Seni,* 662 F.2d 277, 285 (4th Cir. 1981); *United States v. Rogers, supra* at 1084.

The majority also concludes that Levy's insufficiency of evidence assertion "drops by the boards" with a remand for a new trial. Levy asserts that but for the 4.75 ounces of cocaine found in his car which, he contends, should have been excluded, the evidence of 0.8 grams found on his person was insufficient to support his conviction. Levy's assertion lacks merit. The trial judge correctly admitted the cocaine obtained in the search of Levy's car, and, therefore, there was ample and sufficient evidence for the jury to find Levy guilty beyond a reasonable doubt.

For these reasons, I would uphold the conviction.