948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
David W. HALL, Appellant.
 No. 90-3259.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 26, 1991.
 
 Before HARRY T. EDWARDS, RUTH BADER GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal from the conviction of David W. Hall for possession of over five grams of cocaine base, in violation of 21 U.S.C. § 844(a)(1), was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Upon full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 The district judge did not err in giving, at the prosecution's request, a charge on simple possession as a lesser included offense. See Schmuck v. United States, 489 U.S. 705, 717 (1989); United States v. Gibbs, 904 F.2d 52, 58-59 (D.C.Cir.1990) (15.5 grams of cocaine in possession of five men not so large an amount as to be inconsistent with personal use). We note in this regard that the police witnessed no drug sale involving Hall and that the amount of crack cocaine, weighing 11.9 grams, found in the car Hall was driving was not so large as to preclude a finding of possession for personal use. See United States v. Levy, 703 F.2d 791, 793 & n. 7 (4th Cir.1983) (possession of 4.75 ounces [135.71 grams] of cocaine was not per se inconsistent with personal use) (cited approvingly in Gibbs, 904 F.2d at 58).
 
 
 3
 Furthermore, the district judge properly permitted the government to use information Hall furnished to the Pretrial Services Agency to impeach Hall's testimony that he was not a cocaine user. See D.C.Code § 23-1303(d); Hall v. United States, 540 A.2d 442, 447 n. 9 (D.C.1988). See also United States v. Stevens, 935 F.2d 1380, 1395 (3d Cir.1991); United States v. Wilson, 930 F.2d 616 (8th Cir.1991). Finally, the charge on reasonable doubt was both full and fair, and cannot tenably be argued to have diluted the government's proof burden. Cf. United States v. Barrera, 486 F.2d 333, 339-40 (2d Cir.1973), cert. denied, 416 U.S. 940 (1974). It is accordingly
 
 
 4
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).