4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrence Lee HOGGARD, a/k/a Chuck, Defendant-Appellant.
 No. 92-5737.
United States Court of Appeals,
Fourth Circuit.
 Argued: June 11, 1993.
Decided: August 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CR-92-73-N)
 Darlene T. Rockwell, Phillips, Webb & Wallerstein, Richmond, Virginia, for Appellant.
 Charles Anthony O'Reilly, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Keith L. Phillips, Phillips, Webb & Wallerstein, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 After a two-day jury trial, Terrence Lee Hoggard was convicted of possession with the intent to distribute five or more grams of crack cocaine in violation of 21 U.S.C. Section 841(a)(1). He appeals on grounds that the district court abused its discretion by refusing to instruct on the lesser included offense of simple possession and by instructing the jury to disregard inadmissible hearsay testimony instead of granting a mistrial, and on the grounds that there was insufficient evidence to sustain his conviction of possession with intent to distribute. We affirm.
 
 
 2
 On 23 April 1992, police received notice that drugs were hidden in an area of Suffolk, Virginia known as the "old fairgrounds." Officers searched the area and found a footpath branching off a vehicular path that ran through the area. At the end of the path, officers found a gray case hidden in the brush. Inside the case, and enclosed within a white plastic trash bag, were over 800 grams of crack cocaine, packaged in thirty-seven (37) individual packages. Six police officers were positioned at the site to conduct surveillance.
 
 
 3
 Several hours later, a Chevrolet Blazer approached and stopped near the footpath. Defendant Hoggard exited from the car and ran down the vehicular path to the footpath, and then to the cocaine stash. He knelt down, hesitated briefly, stood up, and then began running back to the Blazer. No officer saw Hoggard reach into the bag to retrieve cocaine. After a short chase, investigators tackled Hoggard. A plastic bag of crack cocaine was found in the dirt within 15 feet of where Hoggard was tackled. One bag of crack cocaine was missing from the stash.
 
 
 4
 Officers also arrested the other occupants of the Blazer. The driver, Mary Gatling, testified at Hoggard's trial under a plea agreement with the government. Gatling testified that she had met with Hoggard on the morning of 23 April and had asked to buy one quarter-ounce of crack cocaine. She testified that Hoggard instructed her to drive him to the footpath at the old fairgrounds. She also testified that she had purchased crack cocaine from him on two previous occasions and that she had driven him to the old fairgrounds once before for a crack cocaine purchase.
 
 
 5
 The defendant offered evidence that the footpath at the old fairgrounds was a shortcut from Hoggard's residence to his sister's home in Lake Kennedy. The defendant also presented evidence that Hoggard was to have traveled to Lake Kennedy on that day to help his niece with her car. In its case-in-chief, the government had offered evidence that the footpath ended in a dead end.
 
 I.
 
 6
 A district court's refusal to instruct the jury as to the elements of a lesser included offense is reviewed for abuse of discretion. United States v. Levy, 703 F.2d 791, 794 (4th Cir. 1983). A lesser included offense instruction is appropriate where conviction of the greater offense would require the jury to find a disputed factual element which is not required for conviction of the lesser included offense. Levy, 703 F.2d at 793 (quoting Sansone v. United States, 380 U.S. 343, 350 (1965)). Appellant disputes his intent to distribute and argues that a lesser included offense instruction therefore was necessary. However, a lesser included offense instruction is proper only if the question of intent is capable of two answers. Levy, 703 F.2d at 793.
 
 
 7
 Hoggard theorizes that the jury could have chosen to disbelieve the government's immunized witness and could then have reasonably found him without intent to distribute. Specifically, Hoggard contends that the jury could have found that he happened upon the cocaine as he traveled to his sister's home, or that he knew of the stash and was retrieving an ounce for personal consumption, or that all of the occupants of the Blazer jointly possessed the cocaine, each possessing an amount consistent with personal consumption.
 
 
 8
 At trial, Hoggard's only witnesses were his brother and sister. His sister testified that she had been expecting him on 23 April to work on her daughter's car, and his brother testified that people use the shortcut through the old fairgrounds to get to Lake Kennedy. The defendant offered these witnesses presumably to support his theory that Hoggard was en route to his sister's home when he stumbled upon the cocaine. The defendant offered no evidence to support either of his other simple possession theories, nor does the government's evidence support them. We cannot say that the question of intent was genuinely capable of two answers.
 
 
 9
 Appellant relies heavily on Levy, 703 F.2d 791, in which we found reversible error in the lower court's failure to instruct on the lesser included offense of simple possession. Levy, however, is distinguishable. In Levy there was no evidence of a negotiated sale, the drugs were not packaged for street sale, and the presence of drug paraphernalia at the defendant's home supported the inference that the defendant possessed the cocaine for his own personal consumption. In this case defendant Hoggard cannot point to any comparable indications of an intent to retain the cocaine for personal use.
 
 
 10
 Reversal is required if the evidence would permit a jury to rationally find the defendant guilty of only the lesser offense. Keeble v. United States, 412 U.S. 205, 208 (1973). The district court properly concluded that no reasonable view of the evidence would support the lesser included offense of simple possession and not possession with the intent to distribute. We find no abuse of discretion.
 
 II.
 
 11
 A district court's refusal to grant a mistrial also is reviewed for abuse of discretion. United States v. Seeright, 978 F.2d 842, 849 (4th Cir. 1992). The decision to grant or deny a motion for mistrial is within the discretion of the trial judge, and the court's decision will not be overturned except for clear abuse of discretion. United States v. Thompson, 744 F.2d 1065, 1068 (4th Cir. 1984).
 
 
 12
 Immediately following opening statements, the government's first witness, an investigator, testified that he had received information that the defendant "had been seen going in and out of" the wooded area. Appellant objected and moved for a mistrial on the grounds that the statement was hearsay and that its matter was not subject to cross-examination, thereby violating appellant's sixth amendment right of confrontation. Appellant also argues that the statement could imply his knowledge of the drugs prior to entering the woods, which he contends is the "heart of the matter." (Appellant's Brief at 14).
 
 
 13
 To determine the extent of prejudice resulting from evidence improperly brought before the jury, we must look to the closeness of the case, the centrality of the issue affected by the error, and the steps taken by the court to mitigate the effects of the error. United States v. Nyman, 649 F.2d 208, 212 (4th Cir. 1980) (quoting Gaither v. United States, 413 F.2d 1061, 1079 (D.C. Cir. 1969)). The case does not appear to have been close, as the evidence against appellant was substantial. Moreover, while relevant, the investigator's statement was not central to the case. We note also that the testimony of the defendant's own witnesses tended to place him in the area for the entirely innocuous purpose of going to his sister's house. Finally, the court gave a curative instruction. Indeed, the court informed the jury that an evidentiary point had arisen and the trial, since it was only minutes old, would "start over."
 
 
 14
 Reversal is required if there is a "reasonable possibility that the jury's verdict was influenced" by the improper material. United States v. Seeright, 978 F.2d at 849 (quoting United States v. Barnes, 747 F.2d 246, 250 (4th Cir. 1984)). It is highly improbable that the jury's verdict was swayed by the improper testimony. The trial court did not abuse its discretion in denying the motion for a mistrial.
 
 III.
 
 15
 Finally, appellant contends that there was insufficient evidence to support his conviction. We review the sufficiency of the evidence in the light most favorable to the government. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). The government offered evidence that a sale had been arranged between Hoggard and a customer, and that he had brought the customer to the site for the purpose of consummating the sale. Evidence also showed that appellant was in possession of the cocaine, and appellant concedes that testimony indicated a sale was "about to occur." (Appellant's Brief at 18). This evidence is sufficient to support conviction of possession of cocaine with intent to distribute.
 
 
 16
 For the reasons given, the conviction of Hoggard is hereby
 
 AFFIRMED