**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eli WRIGHT, Defendant–Appellant.**

**No. 96–4559.**

United States Court of Appeals,
Fourth Circuit.

Argued June 2, 1997.

Decided Dec. 19, 1997.

**ARGUED:** Benjamin Thomas Stepp, Assistant Federal Public Defender, Greenville, SC, for Appellant. Harold Watson Gowdy, III, Assistant United States Attorney, Greenville, SC, for Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Greenville, SC, for Appellee.

Before MURNAGHAN and LUTTIG, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed by published opinion. Judge LUTTIG wrote the majority opinion, in which Judge TILLEY joined. Judge MURNAGHAN wrote a dissenting opinion.

**OPINION**

LUTTIG, Circuit Judge:

Appellant Wright challenges his conviction and sentence for possession of crack cocaine with intent to distribute. We affirm.

## I.

On December 2, 1995, after midnight, three police officers were patrolling a known drug area in Spartanburg, South Carolina. *See* J.A. at 7, 18. During their patrol, the officers drove to a location where they could maintain surveillance of the area behind Sullivan's Lounge. The area behind Sullivan's Lounge was a local "hot spot" for illegal drug activity where the officers had arrested "hundreds" of individuals for violating drug laws on prior occasions. *See* J.A. at 20, 37. Seeing no one, the officers pulled around to Union Street which fronts the lounge. Looking down an alley that runs between Sullivan's Lounge and another building, the officers saw defendant, Eli Wright, whom the officers knew. *See* J.A. at 22. Wright was standing in the alley, facing the wall. *See* J.A. at 9, 51. The officers called out Wright's name, and when Wright saw the officers, he ran around to the back of the building. *See* J.A. at 51. As shortly before, there were no other people behind the building. *See* J.A. at 18. During the ensuing chase, the officers observed Wright place a plastic bag on a brick wall with his hand. *See id.* Wright eventually fled into a pool hall where he was arrested.

The plastic bag that Wright placed on the brick wall contained 3.25 grams of crack cocaine, an amount which had a street value of $300 to $600 and from which at least thirty dosage units or "rocks" could be cut. *See* J.A. at 13. When Wright was arrested, he was in possession of a razor blade, which field-tested positive for cocaine residue. *See* J.A. at 35, 47. As the police officers testified, in their experience such razor blades are often used in the crack cocaine business to cut cocaine into rocks for distribution. *See* J.A. at 13. Wright was also found in possession of exactly $135 cash—four twenty-dollar bills and eleven five-dollar bills. *See* J.A. at 67. According to the testimony at trial, crack cocaine is commonly sold in $10 and $20 rocks. *See* J.A. at 13. Wright was not in possession of either a crack pipe or scales when he was arrested. *See* J.A. at 68.

At Wright's trial for possession with intent to distribute, the government presented the evidence summarized. Wright presented no evidence in his defense. Wright did, however, request that the jury be instructed on simple possession. The court denied this request, and Wright was ultimately convicted of possession with intent to distribute. Wright now appeals, claiming that the district court abused its discretion by failing to instruct the jury on the lesser-included offense of simple possession, and that insufficient evidence supports his conviction for possession with intent to distribute.

## II.

◼ A defendant is not entitled to a lesser-included offense instruction as a matter of course. *See United States v. Walker,* 75 F.3d 178, 179 (4th Cir.1996). In order to receive a lesser-included offense instruction, "the proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." *Id.* at 180. For an element to be placed "sufficiently in dispute" so as to warrant a lesser-included offense instruction, one of two conditions must be satisfied. Either "the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented." *Id.*

### A.

◼ In this case, the distinguishing element of the lesser-included offense, Wright's intent in possessing the cocaine, was not sufficiently placed in dispute to require a lesser-included offense instruction because neither of these conditions was met. The defense presented *no evidence from which a reasonable jury could find that Wright's intent was to possess the cocaine for personal use, rather than for distribution. There was no direct testimony regarding Wright's intent in possessing the crack cocaine and an intent simply to possess for personal use was not fairly inferable from the evidence presented. Neither Wright nor any other person testified at trial that Wright was a drug user or that he possessed the crack cocaine for any purpose other than distribution. In-

deed, the defense presented no evidence at all challenging the prosecution's evidence relating to Wright's intent. Under the particular circumstances here, it could not be clearer that no conflict existed in the testimony relating to Wright's intent, and thus that the district court was not required on this ground to instruct on a lesser-included offense.

### B.

Nor, as the district court concluded, could a jury fairly infer from the evidence presented that Wright intended to possess the crack cocaine for his personal use. The jury heard evidence that Wright was found in possession of the cocaine outdoors, in December, after midnight, in an area where drug dealing is common. It heard evidence that he possessed a razor blade, which is a tool commonly used in the facilitation of drug transactions, and that the razor blade was coated with cocaine residue, consistent with its use as such a tool. And the jury heard testimony that Wright was found in possession of a large quantity of cash, in denominations consistent with the selling of crack cocaine at its local street price of $10 and $20 per rock. From none of this evidence could a jury fairly infer that Wright possessed his crack for personal use only. And, there was no other evidence from which a reasonable inference of simple possession would be permissible.

While there was testimony that people often used drugs in the area behind Sullivan's Lounge, Wright was not originally seen behind the lounge, but rather was standing in— not just passing through—the alley next to the lounge. The officers, over time, had not observed anyone using drugs in that alley. *See* J.A. at 38. Moreover, the fact that Wright did not have any scales with him is consistent with street level dealing because rocks are sold on the street by size and not weight. And, perhaps most revealing, despite the fact that crack must be vaporized to be ingested, Wright was not in possession of a crack pipe or any other means for smoking the large quantity of crack cocaine found on his person. There was not even evidence

adduced that Wright personally used drugs on other occasions.

The only evidence that could even possibly support an inference (reasonable or otherwise) of an intent simply to possess the cocaine is the amount of the cocaine itself. But against the backdrop of the powerful evidence of distribution described, the fact that Wright was found in possession of 3.25 grams of crack cocaine (itself a large amount), as opposed to more of the drug, is simply insufficient alone to require the lesser-included offense instruction requested.

In an effort to escape this seemingly inescapable conclusion, Wright argues that a simple possession instruction must be given in every drug distribution case, unless the quantity of drugs involved is so large as to completely rule out the possibility of personal use. Wright's only support for this argument is the following passage which appears in our opinion in *United States v. Baker*, 985 F.2d 1248 (4th Cir.1993):

> We have previously held that a lesser-included possession instruction in drug distribution cases such as this one is required if requested unless, as a matter of law, the evidence would "rule out the possibility of simple possession, [because the quantity of drugs found was] so huge as to require that the case proceed on the theory that the quantity conclusively has demonstrated an intent to distribute." *United States v. Levy*, 703 F.2d 791, 793 n. 7 (4th Cir.1983).

*Baker*, 985 F.2d at 1259 (brackets in original).

We acknowledge that this passage can be read as Wright urges. However, we believe the passage is most appropriately read as merely reciting the rule of *Levy* that "in drug distribution cases such as [*Baker* and *Levy* ]," *see id.*, that is, in cases in which there is substantial affirmative evidence of a defendant's personal drug use, the defendant is entitled to a lesser-included possession instruction unless the amount of drugs the defendant possessed was large enough to preclude a reasonable inference of personal use. To the extent that the passage was intended to state a more general rule that a defendant is always entitled to a lesser-included possession instruction unless the quantity of drugs involved is so large as to

definitively demonstrate an intent to distribute, the passage is clearly *dicta.* By its terms, the quoted passage merely recites what the *Baker* court believed to be our holding in *Levy.* The court does not set forth the passage as its holding, the passage does not represent the court's holding, and, in fact, it is evident from the remaining text of the court's opinion that the passage is *dicta* only. *Baker* was not a case in which drug quantity was the only evidence of the defendant's intent to possess solely for personal consumption. Accordingly, it was not necessary for the court to address the question of whether a simple possession instruction may be required as a matter of law in circumstances where the drug quantity is the only evidence even arguably supportive of an intent merely to possess. Indeed, in holding that *the evidence* (not the drug quantity) "[did] not 'rule out a possible inference of' conspiracy to possess," the *Baker* court did not even reason from the drug quantity alone, and only secondarily from the drug quantity at all. The court held that the lesser-included offense instruction was required because of the substantial affirmative evidence that the defendant was a known cocaine addict who had sufficient money to purchase the amounts of cocaine involved for personal consumption:

> In this case, the evidence, as a matter of law, does not "rule out a possible inference of" conspiracy to possess. *Levy,* 703 F.2d at 794 n. 7. It is clear that Baker was an addict. Roy testified that Baker's family kept trying to keep Baker away from Roy, presumably to stop him from consuming cocaine, and Baker's wife eventually had to commit him to the hospital because of his addiction. Baker's defense at trial was that he was an abuser, not a distributor, of cocaine. According to Roy, Baker bought one to three ounces of cocaine a week, which is a large amount but which could be consistent with personal consumption. According to Roy and the evidence adduced at trial, Baker was well off financially, and nowhere did the government show that he paid for his drugs with proceeds from drug sales.

*Baker,* 985 F.2d at 1259–60.

Indeed, if the court in *Baker* did understand *Levy* to state the considerably more expansive rule for which Wright argues, it is evident that that court simply misread *Levy.* In *Baker,* we said the following with respect to our decision in *Levy:*

> We have previously held that a lesser-included possession instruction in drug distribution cases such as this one is required if requested unless, as a matter of law, the evidence would "rule out the possibility of simple possession, [because the quantity of drugs found was] so huge as to require that the case proceed on the theory that the quantity conclusively has demonstrated an intent to distribute." *United States v. Levy,* 703 F.2d 791, 793 n. 7 (4th Cir.1983). In *Levy,* we held that the district court committed reversible error by refusing to charge the jury on the lesser-included offense of simple possession of 4.75 ounces of 95% pure cocaine in addition to the greater offense of possession with intent to distribute[, *and] [w]e reasoned that:*

> [T]here was a substantial basis for an inference that the defendant might have possessed the cocaine only for his own consumption and not preliminary to sale or other distribution.... [Because the] question of whether the defendant had the purpose to distribute was capable of two answers, the lesser included offense instruction was appropriate.

*Baker,* 985 F.2d at 1259 (citations omitted; emphasis added). In *Levy,* however, we did not hold that a lesser-included offense instruction was required because it was impossible to rule out simple possession based upon the drug quantity alone. Rather, as is apparent from the portions of the *Levy* quotation omitted by the court in *Baker* and represented by the ellipses in the immediately preceding block quotation, we rested our decision that an instruction was necessary, primarily (as in *Baker* ) on the affirmative evidence that the defendant personally used cocaine. As we said in *Levy:*

> [T]here was substantial basis for an inference that the defendant might have possessed the cocaine only for his own consumption and not preliminary to sale or

other distribution. *At his place of abode, among paraphernalia suited to chemical conversion, were also located four pipes customarily employed for purposes of consuming the cocaine.* The value and number of potential doses (1300) of the 4.75 ounces of cocaine, while substantial, reflect the costly nature of the habit, but do not necessarily so exceed the quantity one might stockpile for personal use over a relatively long period of time as to eliminate all reasonable possibility that the jury might draw [an inference of simple possession].

*Levy,* 703 F.2d at 792 (emphasis added). Indeed, the dissent criticized the majority for its reasoning that the crack pipes and other paraphernalia were sufficient to require an instruction on the lesser-included offense of mere possession. *See id.* at 795 (Hall, J., dissenting) (challenging majority's conclusion that crack pipes and paraphernalia "counter[ed] the inference of intent to distribute").

In *Levy,* we did distinguish our holding in *United States v. Seni,* 662 F.2d 277 (4th Cir.1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 664 (1982), that, as a matter of law, a defendant may not be entitled to a lesser-included offense instruction if the drug quantity involved is sufficiently large. In *Seni,* the defendants were found in constructive possession of 15 tons of marijuana and we held as a matter of law that the defendants were not entitled to a lesser-included offense instruction, reasoning as follows:

> That amount of marijuana [15 tons] is sufficient to establish intent to distribute. The jury reasonably could not find the defendants guilty of possession without also finding them guilty, in view of the large quantity of marijuana, of possession with intent to distribute.

*Seni,* 662 F.2d at 285. Thus, in *Levy,* we did observe that 4.75 ounces of cocaine is "not so large as to rule out the possibility of a finding of simple possession, so huge as to require that the case proceed on the theory that the quantity *conclusively has demonstrated an intent to distribute." Levy,* 703 F.2d at 793 n. 7 (emphasis added). It could not be clearer, however, that we made this observation only in response to the government's argument based upon *Seni,* which the dissent accepted, that, as a matter of law, the case was required to be tried solely as a possession with intent to distribute case. *See Levy,* 703 F.2d at 793 & n. 7. And, of course, this was the purpose for our statement, which the *Baker* court also omitted from its quotation of *Levy,* that the drug quantity involved "[did] not necessarily so exceed the quantity one might stockpile for personal use over a relatively long period of time as to eliminate all reasonable possibility that the jury might draw [an inference of simple possession]." *Levy,* 703 F.2d at 792. We did not make the observation in explication of a holding that a simple possession instruction was required because of the comparatively small drug quantity alone. The contrary implication, that we held in *Levy* that the lesser-included offense instruction was necessary because of the drug quantity alone, is possible only if one juxtaposes, as the court in *Baker* did, the textual discussion in *Levy* of our reasons for concluding that there was a substantial basis for an inference of personal use, with the entirely different and distinct point, which appeared a page later in a footnote, that the government was not entitled as a matter of law to proceed exclusively on a distribution theory because of the quantity of drugs involved.

Obviously, there is a difference between a holding, such as in *Seni,* that the drug quantity may be so great as to require that the case proceed exclusively on a distribution theory, and a holding, such as that which the court in *Baker* arguably ascribed mistakenly to the court in *Levy,* that a simple possession instruction is required in every case in which an intent merely to possess cannot be ruled out based upon the drug quantity alone.

### C.

It is apparent that Wright cannot avail himself successfully of the actual holdings of either *Baker* or *Levy.* Although in both cases we concluded that the lower court had abused its discretion by not instructing the jury on the lesser-included offense of simple possession, our holdings rested, as we explain above, principally on the considerable affir-

mative evidence unrelated to drug quantity from which the juries could have reasonably inferred that the defendant possessed the drugs solely for personal use. In *Levy,* for example, as noted, our holding that an instruction for simple possession was required rested primarily on the fact that crack pipes and drug consumption paraphernalia were found at the defendant's house—a fact from which a reasonable inference could be drawn that the defendant intended to personally consume the cocaine. Similarly, in *Baker,* a defense witness had specifically testified at trial that the defendant had the lesser rather than greater intent, stating that the defendant was a cocaine addict and abuser instead of a distributor. *See* 985 F.2d at 1259. Obviously, there is not in this case the evidence of possible personal use that there was in *Baker* and *Levy.*

Accordingly, the district court did not abuse its discretion by denying Wright's requested instruction on simple possession. Based upon the evidence recited, it is likewise clear that Wright's second claim, that his conviction must be reversed because there was insufficient evidence for the jury to find that he possessed his crack cocaine with the intent to distribute it, is meritless.

### III.

For the foregoing reasons, Wright's conviction for possession with intent to distribute is affirmed.

*AFFIRMED*

MURNAGHAN, Circuit Judge, dissenting:

A defendant is entitled to a jury instruction on a lesser-included offense if the "conclusion as to the lesser offense fairly may be inferred from the evidence presented." *United States v. Baker,* 985 F.2d 1248, 1259 (4th Cir.1993) (citing *United States v. Medina,* 755 F.2d 1269, 1273 (7th Cir.1985)). Since I believe that under the facts in the instant case, and under our circuit's precedent, the Defendant was entitled to the lesser-included offense instruction, I dissent.

### I.

The decision to give or not to give a jury instruction is reviewed for abuse of discretion. *United States v. Burgos,* 55 F.3d 933, 935 (4th Cir.1995). A defendant is entitled to an instruction on a lesser included offense "if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973); *United States v. Levy,* 703 F.2d 791, 793 (4th Cir.1983). The Court's rationale for requiring the lesser-included offense is that "[w]here one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction." *Keeble,* 412 U.S. at 212–213, 93 S.Ct. at 1997–98.

An instruction for the lesser offense is proper even absent conflicting testimony regarding possession or distribution. The court must issue the lesser-included offense instruction if the "conclusion as to the lesser offense fairly may be inferred from the evidence presented." *United States v. Baker,* 985 F.2d at 1259. Moreover, "any evidence, however weak, bearing upon the lesser included offense will suffice to create an entitlement to a lesser included offense instruction." *Id.* at 1259; *United States v. Walker,* 75 F.3d 178, 181 n. * (4th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 2513, 135 L.Ed.2d 202 (1996). In *Baker,* we noted that "[t]he district court has no discretion to refuse to give a lesser-included instruction if the evidence warrants the instruction and the defendant requests it." 985 F.2d at 1259.

The majority concedes that the Defendant would be entitled to a lesser-included offense instruction if the conclusion as to the lesser offense is fairly inferable from the evidence presented; however, the majority finds that no such inference is possible under the facts in the instant case. Maj. Opn. at 1112. It reaches such a conclusion by distinguishing our precedent and by ignoring essential facts in the present case.

The majority first argues that there is no evidence, absent the quantity of drugs, to support the lesser-included offense of simple possession. However, contrary to the major-

ity's contention, there is ample evidence from which a jury could infer that the Defendant was guilty only of possession and not distribution.

All of the facts cited by the majority which lend support for the possession with intent to distribute charge, also support the lesser charge of simple possession. The majority argues that the Defendant was found in possession of crack outdoors, at midnight, and in an area where drug dealing is common. However, the majority ignores the fact that the police testified that drug use was also possible in the area in question. In addition, there is evidence of drug paraphernalia behind the building where the Defendant was arrested, further raising the possible inference of personal use.

Next, the majority stresses that the Defendant possessed a razor blade with cocaine residue at the time of his arrest, and that razor blades are often used in the drug trade. However, the Defendant would need the razor blade to cut the crack cocaine if he were going to sell it or use it. Thus, the razor blade raises the inference of both personal use and distribution.

Finally, the majority relies on the fact that the Defendant was found with "a large quantity of cash, in denominations consistent with the selling of crack cocaine." The Defendant was found with $135 dollars in cash, an amount not so large as to require a finding of distribution. *See Levy*, 703 F.2d at 792 ($1,150 not so great as to require a finding of distribution); *see also United States v. Boissoneault*, 926 F.2d 230, 234 (2nd Cir.1991) ("$1,460 in ten and twenty dollar bills, while consistent with street distribution, is also susceptible to countless inferences not involving illegal activity.").

Moreover, the majority fails to acknowledge several additional important facts in the instant case which also support an inference of simple possession. First, the Defendant possessed 3.25 grams of crack cocaine, or approximately 1/10th of an ounce. One tenth of an ounce is a small quantity of drugs and

is not so high as to preclude the possible inference of personal use. In addition to the fact that the quantity of drugs in question is small is the fact that the crack was not packaged in individual units for sale, and no such packages were found on the Defendant's person. Furthermore, there was no evidence presented regarding the availability of a scale or similar tool in the vicinity which would be available for use by the Defendant. Thus, the Defendant had no method at his disposal to divide, weigh, and sell the crack cocaine in smaller units. It was neither packaged in such units nor did the Defendant have any method for packaging it in such units.

Obviously the mere absence of crack in smaller units and the absence of a method of weighing the crack for distribution, do not prohibit a finding of distribution; however, they do provide evidence from which a jury could infer that the crack cocaine was for the Defendant's personal use and not for sale.

The Defendant was caught in possession of a 3.25 gram rock, or 1/10th of an ounce, of crack cocaine in an area known for drug use and distribution. The Defendant possessed a razor blade and $135 in cash. The cocaine was not packaged in units for sale and the Defendant had no access to a scale or other device with which to weigh the crack for sale. While I believe there was sufficient evidence from which a jury could infer that the Defendant intended to sell the drugs, I also believe that the evidence in the record supports an inference of mere possession. Since "any evidence, however weak, bearing upon the lesser included offense will suffice to create an entitlement to a lesser included offense instruction," *Baker*, 985 F.2d at 1259, *Walker*, 75 F.3d at 181 n. *, and since "[t]he district court has no discretion to refuse to give a lesser-included instruction if the evidence warrants the instruction and the defendant requests it," *Baker*, 985 F.2d at 1259, I believe the district court abused its discretion in not granting defendant's request for the lesser-included offense instruction.[1]

---

1. The majority notes that "Neither [the Defendant] nor any other person testified at trial that [the Defendant] possessed the crack cocaine for any purpose other than distribution." Thus, the majority implies that there was direct testimony regarding distribution. Just as there was no direct testimony regarding possession, there was also no direct testimony regarding distribution.

## II.

However, even assuming that the majority is correct and that the only evidence supporting simple possession is the quantity of crack cocaine, I believe the Defendant is still entitled to a jury instruction on the lesser-included offense. The majority goes to great lengths to distinguish two cases of the Court which hold that absent an extremely large quantity of drugs which would preclude the possibility of possession, the jury could infer possession simply by the quantity of the drugs. In my view, *Baker* and *Levy* control and the district court was required to issue the lesser-included jury instruction.

The majority distinguished *Baker* and *Levy* on the ground that in both *Baker* and *Levy* there was additional evidence as to personal use. However, *Baker* and *Levy* are not so easily distinguishable. Both *Baker* and *Levy* rely on the test set out above that the defendant was entitled to a lesser-included jury instruction if a "conclusion as to the lesser offense fairly may be inferred from the evidence presented." *Baker*, 985 F.2d at 1259. Thus, the question for the court was, absent an extremely large quantity of drugs, was mere possession possible, i.e. could a jury infer simple possession? In *United States v. Seni*, we held that a defendant was not entitled to a lesser-included offense instruction because the quantity of drugs was so large as to preclude the possibility that a reasonable jury could find the defendants guilty of possession without also finding them guilty of intent to distribute. 662 F.2d 277, 285 (4th Cir.1981) (15 tons of marijuana precluded the possibility of personal use). In *Levy*, we distinguished *Seni* and determined that the quantity of drugs presented in *Levy* was not so large as to preclude the inference of simple possession. 703 F.2d at 793, n. 7 (4.75 ounces not so great as to preclude use). In *Baker*, we followed *Levy* and held that absent a large quantity of drugs, or other factors ruling out the possibility of use, the defendant was entitled to a lesser included

offense instruction regarding use. *Baker*, 985 F.2d at 1258.

*Seni, Levy,* and *Baker* were all decided under the premise that a person caught with drugs is entitled to a jury charge regarding possession since being caught with drugs raises the inference that you possess them with the intent to use them. Thus, absent other evidence, the jury can infer simple possession merely from the possession of drugs. In *Seni*, we held that any possible inference of possession was eliminated due to the large quantity of drugs, in *Levy*, we held that the quantity was not so large as to preclude use, and in *Baker*, we held that "unless, as a matter of law, the evidence would 'rule out the possibility of a finding of simple possession, [because the quantity of drugs found was] so huge as to require that the case proceed on the theory that the quantity conclusively has demonstrated an intent to distribute'" a defendant was entitled to a lesser-included offense instruction. *Baker*, 985 F.2d at 1259. Thus, in all of these cases, simple possession was inferable from the fact that the individual possessed the drugs in question, and a simple possession instruction was required absent proof which would make the inference of simple possession impossible.

Thus, under our precedent, a defendant is entitled to a lesser included offense instruction when he is caught in possession of drugs unless there is convincing evidence which rebuts the possible inference that the defendant possessed the drugs for his personal use. *Baker*, 985 F.2d at 1259 ("the evidence, as a matter of law, does not rule out a possible inference of conspiracy to possess").

Such a conclusion is strengthened by the court's favorable cite in *Baker* to *United States v. Gibbs*, 904 F.2d 52 (D.C.Cir.1990), and by similar cases in other circuits. In *Gibbs*, the defendants were caught with weapons and 15.5 grams of cocaine (an amount almost five times larger than that

No one testified that they saw the Defendant sell drugs and no one testified that the Defendant was in the business of selling drugs. The only direct testimony was testimony of the police stating that the Defendant was in an area known for drug sales. However, the statement by the ma-

jority also misses the point. Direct evidence is not necessary for the Defendant to be entitled to the lesser-included offense instruction. The Defendant is entitled to such an instruction if the lesser included offense may be inferred from the evidence. *Baker*, 985 F.2d at 1259.

possessed by the Defendant in the instant case). The court held that the quantity was not so large as to preclude use of cocaine and that the district court erred in not giving the lesser included offense instruction. In *Gibbs*, there was no additional evidence as to use except the quantity of drugs, but the court determined that 15.5 grams was not so large as to preclude the inference of use. *Gibbs*, 904 F.2d at 58. Thus, the language in *Baker* and its favorable cite to *Gibbs*, indicate that absent other factors, a jury could infer possession from a quantity of drugs not so large as to preclude the possibility of possession. *Baker*, 985 F.2d at 1259. *See also United States v. Blake*, 484 F.2d 50, 58 (8th Cir.1973) (possession of $4,200 worth of heroin not too large as to preclude inference of use).

What is clear from *Seni, Levy,* and *Baker* is that the inference of possession exists absent compelling evidence which makes such an inference impossible. We have held that unless the quantity of drugs was extreme,[2] the inference of simple possession exists, and a jury instruction on the lesser-included charge is required. Thus, under our precedent, a jury may, but is not required to, infer that the Defendant possessed drugs for his own use solely based on the relatively small quantity of drugs.

### III.

What is particularly striking about the failure to instruct on simple possession in the instant case, is the relatively small amount of drugs in the Defendant's possession and the clear possibility regarding the inference of use. We, and other circuits, have often required the lesser-included offense instruction regarding simple possession when the quantity of cocaine was far larger than in the instant case, and when the inference of simple possession was far weaker.

In *Levy*, we required an instruction when the defendant possessed 4.75 ounces of pure cocaine. *Levy*, 703 F.2d at 792. In *Gibbs*, the D.C. Circuit required an instruction for simple possession when the defendant possessed 15.5 grams of cocaine, an amount almost five times that in the case at bar. *Gibbs*, 904 F.2d at 58. The Fifth Circuit has also required a lesser-included offense instruction when the defendant possessed 16.48 grams of cocaine (over five times that in the instant case), two guns, and was caught flushing the drugs down the toilet when the police arrived. *United States v. Lucien,* 61 F.3d 366, 375 (5th Cir.1995). *See also Boissoneault,* 926 F.2d at 235 ($1,460 in tens and twenty dollar bills, and 5.31 grams of cocaine was not inconsistent with personal use); *Blake,* 484 F.2d at 58 (equivalent of 420 dime bags of heroin supported an inference of personal use or possession); *United States v. Latham,* 874 F.2d 852, 863 (1st Cir.1989) (personal use can be inferred from possession of one ounce of cocaine).

The Defendant in the instant case possessed 3.25 grams of cocaine or approximately 1/10th of an ounce, a far smaller amount than in *Levy, Lucien, Gibbs, Boissoneault, Blake,* or *Latham.* The crack was not divided into smaller units and no tools were available to weigh the cocaine so that it could be divided into smaller units. Following our precedent and that of the other circuits, the Defendant was entitled to an instruction regarding simple possession.

The majority rejects the notion that quantity alone is sufficient to support the inference of possession. However, the Supreme Court in *Turner v. United States,* 396 U.S. 398, 422, 423, 90 S.Ct. 642, 654, 655, 24 L.Ed.2d 610 (1969) held that 14.68 grams of cocaine "is itself consistent with [the defendant] possessing the cocaine not for sale but exclusively for his personal use." The Supreme Court reached this conclusion even though the defendant also possessed 275 glassine bags of heroin. *Id.* at 420, 90 S.Ct. at 654. Thus, the mere possession of a small amount of drugs may, in and of itself, raise the inference that the defendant possessed the drug for his personal use.[3] The majority

---

2. It should be noted that the defendant in the instant case possessed a quantity of drugs far below that in *Levy* or *Baker.*

3. Taking the majority's argument to its logical conclusion, a person in possession of one dose of crack would not be entitled to an instruction regarding simple possession absent any other evidence regarding use. However, the posses-

places the burden on the Defendant to present evidence of simple possession. However, the Defendant need not present any evidence regarding simple possession to be entitled to the lesser included offense instruction. The Defendant is entitled to such an instruction if "the lesser offense [is] fairly inferable from the evidence presented." *Walker*, 75 F.3d at 180. The majority places a new burden on defendants and requires them to give up their rights and present evidence of the lesser-included offense in order to be entitled to the lesser-included offense instruction. However, no such burden is required. The defendant is entitled to the lesser-included offense instruction even if he presents no evidence, as long as a reasonable jury could convict him of the lesser offense and not the greater. In light of the facts of the present case, the jury could infer that the Defendant possessed the crack cocaine purely for his personal use.

Since I believe the district court erred in not providing an instruction to the jury on the lesser-included offense, I dissent.

sion of a small amount of crack alone obviously raises the inference of possession absent any