UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4710

CURTIS L. BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-30)

Submitted: July 7, 1998

Decided: August 6, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John B. Mann, LEVIT & MANN, Richmond, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Michael C. Wallace, Sr.,
Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Curtis Brown of one count each of possession of a firearm by a convicted felon and possession of marijuana with intent to distribute. On appeal he alleges that the district court erred by denying his motion to suppress a statement he made prior to being read his Miranda[1] rights, that the evidence was insufficient to support the findings of guilt, and that he was entitled to an instruction on simple possession. Finding no reversible error, we affirm.

Police suspected Brown of selling marijuana from his residence. As they arrived at the residence to execute a search warrant, officers observed Brown standing on the front stoop of the residence. When Brown saw the officers, he leaned back into the residence and then came back out. Officers immediately detained Brown and asked him if there were any weapons inside. Brown replied that there was a rifle belonging to his brother in the residence. Officers apprehended three other persons in the house, including Brown's brother, and seized a small quantity of marijuana in the living room and a set of scales in the kitchen. Police found utility bills, a lease agreement for the residence, a credit card, and various other letters and papers, all in Brown's name, in a bedroom. Also seized from the bedroom were a photograph of Brown, a Chinese assault rifle standing in plain view in a corner, cash, a set of scales, and over 300 grams of marijuana. Brown admitted to the officers that there was marijuana in the house.[2] Prior to trial, Brown made a motion to suppress his statement to police concerning the rifle.

We review the district court's ultimate suppression decision de novo, but the underlying factual decisions are reviewed for clear error. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). We find that the district court properly denied Brown's motion. One of the officers testified that he questioned Brown regarding weapons

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).
[2] Brown alleges on appeal that this admission only applied to the marijuana found in the living room. However, no evidence supporting this conclusory allegation was presented at trial.

based on Brown's prior criminal history involving violence and the use of a firearm, the fact that the officers were executing a search warrant in a drug case, and Brown's actions when he spotted the police in front of the house. We find that under the circumstances, it was objectively reasonable for the officer to be concerned about his safety and the safety of others when he asked Brown whether there were any weapons in the house.[3]

We must uphold Brown's convictions if, taking the evidence and all reasonable inferences that can be drawn from the evidence in the light most favorable to the Government, a reasonable jury could have found Brown guilty.[4] Moreover, circumstantial evidence may support a guilty verdict "even though it does not exclude every reasonable hypothesis consistent with innocence." See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). In the present case, we find that the evidence was sufficient to support Brown's convictions.

As a threshold matter, we find that there was ample evidence from which the jury could reasonably determine that Brown occupied the bedroom where the rifle and most of the marijuana were found. Since the rifle was in plain view, the jury could infer that he had knowledge of and access to the weapon, even without his statement to the police.[5] We further find that there was sufficient evidence from which the jury could infer that Brown possessed marijuana with the intent to distribute. Although the amount of marijuana found in the living room of the residence was consistent with personal use, police found over 300 grams of marijuana in Brown's bedroom, some of which was in individual plastic baggies. In addition, there was testimony that Brown was suspected of selling marijuana, and the large amount of cash

_____

**3** **See New York v. Quarles**, 467 U.S. 649, 655-59 (1984) (recognizing a "public safety exception" to the general rule requiring a Miranda warning before questioning a suspect).

**4** **See Glasser v. United States**, 315 U.S. 60, 80 (1942).
**5** **See United States v. Fields**, 72 F.3d 1200, 1212 (5th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3231, 65 U.S.L.W. 3256 (U.S. Oct. 7, 1996) (No. 95-1639) (showing a plausible inference that a defendant had knowledge of and access to a weapon is sufficient to establish constructive possession).

3

found in a jacket in the bedroom closet and the sets of scales suggest drug activity.

Finally, Brown alleges that he was entitled to an instruction on the lesser-included offense of simple possession of marijuana because the marijuana found in the living room was consistent with personal use and because he never admitted ownership of the other marijuana found in the house. We disagree. In United States v. Wright, 131 F.3d 1111, 1112 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3782 (U.S. June 8, 1998) (No. 97-9034), we held that"[a] defendant is not entitled to a lesser-included offense instruction as a matter of course." To receive such an instruction, "the proof of the element that differentiates the two offenses must be sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." Id. (citation omitted). For the element to be "sufficiently in dispute," Brown must show that the testimony on the distinguishing element was sharply conflicting, or that the conclusion as to the lesser offense was fairly inferable from the evidence presented. Id. We find that Brown failed to satisfy either of these conditions.

The distinguishing element here was Brown's intent in possessing the marijuana (i.e., for personal use or distribution). However, as in Wright, Brown failed to present any conflicting evidence or any evidence from which the jury could infer that his intent was to possess the marijuana for personal use. Although defense counsel elicited an admission that the marijuana found in the living room was consistent with personal use, Brown presented no evidence that this was in fact its intended purpose. No one testified that Brown was a marijuana user. Moreover, Brown's position completely ignores the large amount of marijuana found in his bedroom. Brown presented no evidence from which the jury could infer that the marijuana belonged to someone else or that there was no intent to resell it. Since Brown failed to place the distinguishing element sufficiently in dispute, he was not entitled to a lesser-included offense instruction.

We therefore affirm Brown's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument

4

would not aid the decisional process.

AFFIRMED