**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4177**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

MICHAEL DAVID TURNER, a/k/a Michael David Bunch,

       Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (2:07-cr-00040-JBF-TEM-1)

---

Submitted: August 15, 2008      Decided: October 3, 2008

---

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

J.T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael David Turner was convicted by a jury and sentenced to 324 months in prison for conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846 (2000), one count each of distribution of cocaine, possession with intent to distribute cocaine, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2000), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Turner asserts that the district court erred when it: (i) denied his motion to suppress the evidence obtained as a result of an allegedly invalid anticipatory search warrant; (ii) refused to instruct the jury regarding simple possession of cocaine as a lesser-included offense; and (iii) denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. Finding no error, we affirm.

We conclude that the district court correctly denied Turner's motion to suppress. The district court correctly determined that the anticipatory search warrant was supported by probable cause because the warrant application affidavit attested that a police-intercepted package containing approximately $20,000 worth of cocaine would be found at a particular address when that package was delivered to that address by a police officer dressed

as a FedEx delivery person. See United States v. Grubbs, 547 U.S. 90, 96-97 (2006).

We also find that the district court did not abuse its discretion in refusing to instruct the jury regarding cocaine possession as a lesser-included offense to the distribution charges. Given the significant amount of evidence introduced by the Government regarding Turner's drug distribution activities, whether Turner was a distributor was not "sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir. 1993); see also United States v. Wright, 131 F.3d 1111, 1112 (4th Cir. 1997) (holding that for an element to be "sufficiently in dispute," either "the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented") (internal citation and quotation marks omitted).

Last, we find the district court correctly denied Turner's Rule 29 motion. The Government's evidence was more than sufficient to establish that Turner committed the crimes of which the jury convicted him; the Government produced several witnesses who testified that Turner was a distributor of marijuana and cocaine, that he possessed significant amounts of those drugs in his residence and had the means of packaging the drugs for

3

distribution, that Turner possessed and carried a gun when he sold drugs, and that he and his co-conspirator were engaged in a partnership whereby the co-conspirator would obtain drugs and Turner would sell them for profit. Because "a reasonable finder of fact could accept [the Government's evidence] as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt," the jury's verdict must be sustained. <u>See</u> <u>United States v. Alerre</u>, 430 F.3d 681, 693 (4th Cir. 2005).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4