**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4229**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SHARON JOHNSON BURTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:06-cr-00052-jpj-pms-1)

Submitted: July 31, 2009        Decided: August 14, 2009

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant. Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharon Johnson Burton was convicted by a jury of possession with intent to distribute cocaine and five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Burton received concurrent sixty-three-month sentences. On appeal, Burton raises two claims. First, Burton argues that the district court should have instructed the jury on the lesser-included offense of drug possession. Second, Burton argues that the district court imposed an unreasonably long sentence.

This Court "review[s] a district court's decision whether to give a jury instruction for abuse of discretion." See United States v. Kennedy, 372 F.3d 686, 698 (4th Cir. 2004).

> A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important[] that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks and citation omitted). "For the defendant to be entitled to a lesser-included offense [instruction], the proof on the element that differentiates the two offenses must be sufficiently in dispute to allow a jury consistently to find the

2

defendant innocent of the greater and guilty of the lesser offense." United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir. 1993). For an element to be "sufficiently in dispute," either "the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented." United States v. Wright, 131 F.3d 1111, 1112 (4th Cir. 1997) (internal quotation marks citation and omitted).

In this case, the district court did not abuse its discretion by failing to instruct the jury on simple possession. As the district court stated, Burton did not demonstrate that she was drug user. None of the witnesses testified that he or she had ever seen Burton either using drugs or under the influence of drugs. See id. at 1112-13. At trial, Burton apparently tried to blame her husband for the drug-trafficking evidence, which included a total of more than 100 grams of cocaine and methamphetamine, thirty-nine Xanax, marijuana, digital scales, computers, three cell phones and $1156. Therefore, we do not believe Burton's intent to distribute was placed sufficiently in dispute or that the evidence allowed a fair inference of simple possession.

We now turn to Burton's sentencing claim. Appellate courts review sentences for reasonableness, applying an abuse of discretion standard of review. Gall v. United States, 552 U.S.

3

38, \_\_, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court first considers whether the district court committed any significant procedural error, such as improperly calculating the advisory Guidelines range. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). We then assess the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. In assessing a sentence, we may presume a sentence within the advisory Guidelines range to be reasonable. Gall, 128 S. Ct. at 597; Pauley, 511 F.3d at 473. Moreover, we must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) (2006) factors justify the sentence. Id. Even if we would have imposed a different sentence, this fact alone is insufficient to justify reversing the district court. Evans, 526 F.3d at 160.

On appeal, Burton claims her sentence is greater than necessary to comply with 18 U.S.C. § 3553(a). We are not persuaded by Burton's claim. Burton received a sentence at the very bottom of the Guidelines range. Further, she does not give any specific reason why the sentence was unreasonable nor does she cite any particular factor that the district court failed to consider. In short, we find that Burton has not rebutted the appellate presumption that a Guidelines sentence is reasonable.

4

For the reasons stated above, we affirm Burton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED