**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5244

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW STEPHEN WATTY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (2:08-cr-00012-LHT-DLH-5)

Submitted: May 24, 2010                Decided: June 16, 2010

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Fredilyn Sison, Matthew R. Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina, Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Matthew Stephen Watty was convicted of one count of assault resulting in serious bodily injury and aiding and abetting such assault, in violation of 18 U.S.C. §§ 113(a)(6), 1153, 2 (2006). Watty claims on appeal that the district court abused its discretion in denying his motion that the jury be instructed on the lesser included offense of assault by striking, beating, or wounding. 18 U.S.C. § 113(a)(4). Finding no error, we affirm.

We "review a district court's decision whether to give a jury instruction for abuse of discretion." See United States v. Kennedy, 372 F.3d 686, 698 (4th Cir. 2004). A defendant is not automatically entitled to a lesser-included offense instruction. See United States v. Wright, 131 F.3d 1111, 1112 (4th Cir. 1997). Rather, the trial court should give the instruction only if "the proof of the element that differentiates the two offenses [is] sufficiently in dispute that the jury could rationally find the defendant guilty of the lesser offense but not guilty of the greater offense." Id. (internal quotation marks omitted).

The elements necessary for a conviction on assault resulting in bodily injury are "(1) an intentional assault that (2) results in serious bodily injury, committed (3) by an Indian and (4) within Indian Country." United States v. Littlewind,

2

595 F.3d 876, 884 (8th Cir. 2010) (internal quotation marks omitted). A serious injury is one that involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ or mental faculty. 18 U.S.C. § 113(b)(2); 18 U.S.C. § 1365(h)(3) (2006).

Simple assault is a lesser included offense of assault causing serious bodily injury. The differentiating element is that one requires a specific degree of injury. In either case, assault is a general intent crime. A specific intent to cause harm is not necessary. See United States v. Calbat, 266 F.3d 358, 363 (5th Cir. 2001). All that is required is that the defendant assaulted the victim and, in the case of 18 U.S.C. § 113(a)(6), evidence that the assault resulted in serious bodily injury. United States v. Davis, 237 F.3d 942, 944-45 (8th Cir. 2001); United States v. Benally, 146 F.3d 1232, 1237-38 (10th Cir. 1998). Aiding and abetting requires evidence showing the defendant had the intent to facilitate the commission of the offense, in this case, assault. See United States v. Burgos, 94 F.3d 849, 873-74 (4th Cir. 1996).

We find the district court did not abuse its discretion in denying the motion for the lesser-included instruction of simple assault. The element that differentiates the two offenses was not sufficiently in dispute and, at the

3

very least, Watty was culpable as an aider and abettor to the attack, which resulted in the victim receiving serious bodily injuries.  See United States v. Felix, 996 F.2d 203 (8th Cir. 1993).  We find the cases Watty cites for the proposition that he was engaged in a separate and unique assault to be clearly distinguishable.  We also find Watty's argument concerning the use of the rule of lenity in this context to be without merit.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED