<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4856**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID JEREMY LATOUR,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry M. Herlong, Jr., Senior District Judge.   (8:09-cr-00419-HMH-1)

Submitted:  October 18, 2010          Decided:  November 8, 2010

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael Chesser, Aiken, South Carolina, for Appellant. William N. Nettles, United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Jeremy Latour was convicted by a jury and sentenced to 240 months in prison for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) (2006), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). Latour asserts that the district court erred when it refused to instruct the jury regarding simple possession of methamphetamine as a lesser-included offense. Finding no error, we affirm.

This court reviews a district court's refusal to give a jury instruction for abuse of discretion. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996).

> A district court's refusal to provide an instruction requested by a defendant constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important[] that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks and citation omitted).

We conclude that the district court did not abuse its discretion in denying Latour's request that the jury be instructed that it could convict Latour of methamphetamine possession as a lesser-included offense of the possession with

2

intent to distribute charge. Given the significant amount of evidence introduced by the Government regarding Latour's drug distribution activities, whether Latour intended to distribute was not "sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir. 1993); see also United States v. Wright, 131 F.3d 1111, 1112 (4th Cir. 1997) (holding that for an element to be "sufficiently in dispute," either "the testimony on the distinguishing element must be sharply conflicting, or the conclusion as to the lesser offense must be fairly inferable from the evidence presented") (internal citation and quotation marks omitted).

Accordingly, we affirm Latour's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED