**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4549**

───────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

AMORD DEMETRICH JACOBS,

　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:18-cr-00155-FL-1)

───────────

Submitted:  May 5, 2023　　　　　　　　　　　　Decided:  May 22, 2023

───────────

Before WILKINSON and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, David G. Beraka, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amord Demetrich Jacobs appeals his jury conviction for possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(b)(1), and the imposed 140-month sentence. Jacobs first asserts that the district court reversibly erred by not declaring a mistrial based on the jury's failure to follow the court's instructions. Jacobs also asserts that the court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal because he argues that the Government failed to introduce sufficient evidence to establish that he intended to distribute the narcotics seized on the day of his arrest. Jacobs last challenges the reasonableness of his sentence based on the district court's decision to (1) enhance his offense level for obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 3C1.1 (2018), without holding an evidentiary hearing; and (2) deny his motion for a downward variance. Finding no error, we affirm.

### I.      Failure to Declare Mistrial

Where, as here, a defendant fails to move for a mistrial, but argues on appeal that the trial court should have declared a mistrial sua sponte, we review for plain error. *United States v. Cabrera-Beltran*, 660 F.3d 742, 754 (4th Cir. 2011). Under the plain error standard, Jacobs may not obtain relief unless he establishes that the district court erred, that its "error was plain," that "the error affected [his] substantial rights, meaning that there is a reasonable probability that, but for the error, the outcome of the proceeding would have been different," and that "the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *United States v. Heyward*, 42 F.4th 460, 465 (4th Cir.

2

2022) (internal quotation marks omitted). "This standard is difficult to satisfy." *Id.* (internal quotation marks omitted).

We conclude that the district court committed no plain error in failing to sua sponte declare a mistrial. We first find that the district court committed no error because it promptly and adequately remedied any failure by the jury to follow the court's instructions and promptly issued an *Allen* charge.* And even if the jury's behavior potentially warranted a mistrial, Jacobs posits no argument as to how the jury's conduct affected his substantial rights. Indeed, even more egregious jury misconduct than is at issue here will not necessarily affect a defendant's substantial rights. *See United States v. Basham*, 561 F.3d 302, 321 (4th Cir. 2009) (upholding district court's declination to declare mistrial after juror contacted multiple media outlets during trial where the communications were "devoid of substantive content" (internal quotation marks omitted)); *see also United States v. West*, 877 F.2d 281, 288 (4th Cir. 1989) ("A defendant must show prejudice in order for the court's ruling to constitute an abuse of discretion, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions."). In any event, we find that the jury's behavior here did not seriously affect the fairness, integrity, or public reputation of judicial proceedings or give rise to "the most extraordinary

---

* "Derived from *Allen v. United States*, 164 U.S. 492 (1896), the commonly termed *Allen* charge is a supplemental instruction given by a trial court when the jury has reached an impasse in its deliberations and is unable to reach a consensus." *United States v. Cornell*, 780 F.3d 616, 625 (4th Cir. 2015).

3

of circumstances" required to warrant a reversal. *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997).

II.    *Rule 29 Motion*

A district court, "on the defendant's motion[,] must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); *see United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022) ("Under Rule 29 . . ., the defendant may move for a judgment of acquittal at the close of the government's case, after the close of all evidence, or after the jury returns a guilty verdict."). "We review de novo a district court's denial of a Rule 29 motion." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted). In doing so, we must "draw[] all reasonable inferences from the facts" in the light most favorable to the Government," *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted), and "will uphold the verdict if . . . it is supported by substantial evidence," *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

Substantial evidence "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant "legal question [is] whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted). Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as

4

appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

As is relevant here, "[t]he elements necessary to prove a conviction for possession with intent to distribute cocaine base are: (1) possession of the cocaine base; (2) knowledge of this possession; and (3) intention to distribute the cocaine base." *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Notably, "[t]he requisite intent to distribute may be inferred if the quantity of drugs is greater than would be used for personal consumption." *Id.* We have reviewed the record and considered the parties' arguments and conclude that the Government presented sufficient evidence to support the jury's guilty verdict. *See United States v. Smith*, 21 F.4th 122, 134 (4th Cir. 2021) (recognizing that "[t]here is no perfect demarcation between drug users and distributors—many are both—and district courts must enjoy discretion in policing this line"); *cf. United States v. Wright*, 131 F.3d 1111, 1113-16 (4th Cir. 1997) (holding that defendant found in possession of only 3.25 grams of cocaine not entitled to jury instruction on lesser included offense of simple possession).

III.    *Sentence*

We review a sentence for "reasonableness" by applying the "deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). In doing so, "[o]ur inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir.), *cert. denied*, 142 S. Ct. 724 (2021). We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness by considering the totality of the circumstances." *Id.* (internal quotation marks omitted).

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

Our consideration of the substantive reasonableness of a sentence "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

6

Jacobs first argues that his sentence is procedurally unreasonable because the district court increased his offense level for obstruction of justice without a proper evidentiary hearing. But this court has recognized that "[d]istrict courts hold an especial advantage in fact finding where the sentencing enhancement is based upon testimony or trial proceedings that they have personally observed." *See United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015). As the district court here personally observed Jacobs' trial testimony, we find that the court was not required to hold a separate evidentiary hearing regarding Jacobs' testimony in this case.

Admittedly, "the advantages that district courts enjoy in their fact-finding capacities impose the concomitant obligation to actually find the facts necessary for meaningful appellate review." *Id.* Thus, "[w]here the enhancement for obstruction of justice is based on a defendant's perjurious testimony, trial court findings should encompass the factual predicates for perjury, namely that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *Id.* (internal quotation marks omitted). We find that the district court fully satisfied its obligations and discern no error in the court's decision to enhance Jacobs' offense level for obstruction of justice under USSG § 3C1.1. *See United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004) ("In order to apply [the] sentencing enhancement . . ., the district court must conclude that the government has shown, by a preponderance of the evidence, that the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" (internal quotation marks omitted)); *see also United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (explaining that a district court may apply the enhancement based on trial testimony when

7

a defendant obstructed justice by giving "false testimony concerning a material matter with the willful intent to provide false testimony").

We also reject Jacobs' argument that his 140-month sentence is excessive and that the district court erroneously denied his motion for a variance. Jacobs' within-Guidelines sentence is presumed substantively reasonable and he may only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Bennett*, 986 F.3d at 401 (internal quotation marks omitted). Jacobs' challenge to the substantive reasonableness of his sentence appears to be nothing more than a request that we substitute our own judgment for that of the sentencing judge, which we may not do. *Cf. United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (recognizing that this court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of [a] variance, and the fact that [it] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court" (internal quotation marks omitted)). In any event, the record establishes that the district court fully considered Jacobs' arguments in mitigation but exercised its discretion in fashioning the imposed sentence. As we find that the district court ably fulfilled its sentencing duties here, we afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify [the 140-month sentence]." *Nance*, 957 F.3d at 215.

9

We therefore affirm the criminal judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*