UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4572

KARL EARL BEAMON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-99-4)

Submitted: February 10, 2000

Decided: March 6, 2000

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry M. Dash, Newport News, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, James Ashford Metcalfe, Assistant
United States Attorney, Darin Lynn Rumer, Third-Year Law Student,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Karl Earl Beamon appeals his convictions and 195-month sentence imposed after a jury found him guilty of possession with intent to distribute crack cocaine in violation of 21 U.S.C.A.§ 841(a)(1) (West 1999), and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999).* He asserts that the district court erred in denying his motion for judgment of acquittal, that the court should have instructed the jury on simple possession, and that the court clearly erred in determining the amount of drugs attributable to him and in increasing his base offense level by two levels for use of a juvenile. Finding no reversible error, we affirm.

Beamon first challenges his convictions for possession with intent to distribute crack and using or carrying a firearm on the ground that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. Where, as here, the motion is based on insufficient evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc); Glasser v. United States, 315 U.S. 60, 80 (1942). If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

To establish that Beamon possessed a controlled substance with the intent to distribute, the government must prove that: (1) he possessed the controlled substance, (2) knowingly, and (3) with the intent to distribute. See Burgos, 94 F.3d at 873. Here, Beamon knowingly possessed the crack because officers seized it from his person and discovered it in a film canister just a few feet from him in an apart-

_____

*He does not challenge his conviction for being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1999).

2

ment he and others used to deal drugs, a place over which he had dominion and control. See id. Moreover, Beamon's intent to distribute may be inferred from the amount of crack seized during the search, 15.2 grams--an amount too large for personal consumption. See id.; United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992) (holding that 13.5 grams of crack cocaine sufficient for jury to infer intent to distribute), overruled on other grounds, Burgos, 94 F.3d at 862. After a de novo review, we find no error in the district court's denial of the motion for judgment of acquittal. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998) (stating standard of review), cert. denied, 119 S. Ct. 1032 (1999).

To sustain a conviction under § 924(c), the government must prove that defendant (1) used or carried a firearm, and (2) did so during and in relation to a drug trafficking offense. See United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). Because officers seized the firearm from Beamon's person, we find that he carried it. See id. at 653. Moreover, we find that he used the firearm during and in relation to the drug offense. Based on testimony from one of Beamon's purchasers that he saw Beamon with a gun in prior drug transactions, the 9mm Glock seized from Beamon satisfied the "in relation to" requirement because it had the potential to facilitate Beamon's distribution of crack. See United States v. Lipford, ___ F.3d ___, 2000 WL 135099, at *4 (4th Cir. Feb. 7, 2000) ("[I]t is enough for § 924(c)(1) purposes if the firearm was present for protection or to embolden the actor.") (citing Mitchell, 104 F.3d at 654). We therefore find that the district court did not err in denying the motion for judgment of acquittal.

Second, Beamon contends that the district court erred in refusing to instruct the jury as to the lesser included offense of possession of a controlled substance. We review the district court's refusal to grant a proposed instruction for plain error where, as here, Beamon failed to object after the district court's ruling. See Romer, 148 F.3d at 367. We find no error--plain or otherwise--in the district court's decision because the evidence of personal use was not "sharply conflicting" nor could the jury fairly infer from the evidence that the lesser, but not the greater, offense was proved. See United States v. Wright, 131 F.3d 1111, 1112 (4th Cir. 1997), cert. denied , 118 S. Ct. 2309 (1998).

3

Finally, Beamon challenges on appeal the amount of drugs attributable to him on the ground that the 12.1 grams of crack in the canister was found near someone other than him. We review the district court's factual determinations as to drug quantity for clear error. <u>See United States v. Love</u>, 134 F.3d 595, 606 (4th Cir.), <u>cert. denied</u>, 118 S. Ct. 2332 (1998). We find no clear error here. Nor do we find clear error in the district court's decision to increase Beamon's base offense level by two levels under <u>U.S. Sentencing Guidelines Manual</u> § 3B1.4 (1998), for using a minor to commit the offense.

We therefore affirm Beamon's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4